UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MINDEN PICTURES, INC.,

               Plaintiff,

   v.

BUZZFEED, INC., and DOES 1-10

               Defendants.

Civil Action No. 18-cv-02438-DAB

**DEFENDANT BUZZFEED, INC.'S MEMORANDUM OF LAW
<u>IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS THE COMPLAINT</u>**

Eleanor M. Lackman
Scott J. Sholder
COWAN, DeBAETS, ABRAHAMS &
SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
elackman@cdas.com
ssholder@cdas.com

*Attorneys for Defendant BuzzFeed, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...……………………………………….…...................iii, vii

PRELIMINARY STATEMENT ...…………………...……………………………...…...1

BACKGROUND……………………………………………………...………………...……2

ARGUMENT…………………………………………………………………...……..5

I.   PLAINTIFF'S INFRINGEMENT CLAIM AS IT RELATES TO PHOTOGRAPH
     NOS. 2, 8, AND 10 IS BARRED BY THE DMCA……………………………..…....6

     A. Applicable Legal Standards……………………………….…………………..8

        1.  DMCA Threshold Requirements …………………………………..…….8

        2.  DMCA Safe Harbor Requirements …………………………………..…..8

     B. BuzzFeed Promptly Removed the Photographs from the Community Posts……......9

     C. Plaintiff Does Not State Plausible Allegations Concerning BuzzFeed's Purported
        Knowledge that the Uses of the Photograph Nos. 2, 8, and 10 Were Infringing …....10

        1.  Plaintiff does not plead that BuzzFeed had actual knowledge of infringement....10

        2.  Even purported review of the Posts or Photographs would not confer "red flag"
            knowledge of infringement to BuzzFeed …………………………………….12

II.  PLAINTIFF'S CLAIM WITH RESPECT TO PHOTOGRAPH NOS. 1-4, 7, 8, 10,
     11, 15, AND 16 IS TIME-BARRED …………………………………..……….....….…15

     A. Plaintiff Makes No Allegations Concerning Discovery of the
        Alleged Infringements……………………………………………...………….....15

     B. Even if the Time-Barred Photographs Were Discovered in a Timely Manner,
        Plaintiff's Claims Should Be Dismissed for Lack of Volitional Conduct
        by BuzzFeed …………………….……………………………………….....18

III. PLAINTIFF CANNOT SUE FOR ANY PURPORTED INFRINGEMENTS
     OF PHOTOGRAPH NO. 3 BECAUSE ITS REGISTRATION IS PENDING ………..21

IV.    PLAINTIFF'S DEMAND FOR STATUTORY DAMAGES SHOULD BE DISMISSED
        AS TO PHOTOGRAPH NOS. 9, 10, 11, AND 12 FOR FAILURE TO TIMELY
        REGISTER THOSE PHOTOGRAPHS …………………………………………....…22

CONCLUSION………………………………………….…………………....…...….…..23

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Aaberg v. Francesca's Collections, Inc.,*
    No. 17-CV-115 (AJN), 2018 WL 1583037 (S.D.N.Y. Mar. 27, 2018)…………………. 11

*Accurate Grading Quality Assur., Inc. v. Thorpe*,
    No. 12 Civ. 1343(ALC), 2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ……………….21

*Allen v. Scholastic Inc.*,
    739 F. Supp. 2d 642 (S.D.N.Y. 2011) …………………………….……………………...3

*Arrow Prods., LTD. v. Weinstein Co. LLC*,
    44 F. Supp. 3d 359 (S.D.N.Y. 2014) …………………………………………..…….6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ……………………………………………………………………5

*Barcroft Media, Ltd. v. Coed Media Group, LLC*,
    297 F. Supp. 3d 339 (S.D.N.Y. 2017) …………………………………………….…22

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ………………………………………………………….……...2

*Brown v. Daikin Am. Inc.*,
    756 F.3d 219 (2d Cir. 2014) ……………………………………………….................5

*Burgin v. National Football League,*
    No. 13 CIV 8166 KBF, 2014 WL 1760112 (S.D.N.Y. Apr. 30, 2014) ………………..6

*BWP Media USA, Inc. v. Clarity Digital Group, LLC*,
    820 F.3d 1175 (10th Cir. 2016) ……………………………………………………10

*Capitol Records, Inc. v. MP3tunes, LLC*,
    611 F. Supp. 2d 342 (S.D.N.Y. 2009)………………………………………..……...9

*Capitol Records, LLC v. Vimeo, LLC*,
    826 F.3d 78 (2d Cir. 2016) …………..………………………………………………9

*Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*,
    559 F.3d 671 (7th Cir. 2009) ……………………………………………………….17

*Cariou v. Prince*,
    714 F.3d 694 (2d Cir. 2013) ……………………………………………………….6

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) ……………………………………………..…3

*DO Denim, LLC v. Fried Denim, Inc.*,
  634 F. Supp. 2d 403 (S.D.N.Y. 2009) …………………………………….....22

*Doron Precision Sys., Inc. v. FAAC, Inc.*,
  423 F. Supp. 173 (S.D.N.Y. 2006) ……………………………………...…….4

*Galet v. Carolace Embroidery Prods. Co.*,
  No. 91 Civ. 7991, 1994 WL 542275 (S.D.N.Y. Oct. 5, 1994) ………………………….20

*Gaste v. Kaiserman*,
  669 F. Supp. 583 (S.D.N.Y. 1987) ……………………………………………...20

*Greg Young Publ'g, Inc. v. Zazzle, Inc.*,
  No. 2:16-CV-04587-SVW-KS, 2017 WL 2729584 (C.D. Cal. May 1, 2017) …………10

*Gordon v. Nextel Commc'ns*,
  345 F.3d 922 (6th Cir. 2003) …………………………………..…………………….11

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
  590 F. Supp. 2d 625 (S.D.N.Y. 2008) …………………………………………….6

*Heckman v. Town of Hempstead*,
  568 F. App'x 41 (2d Cir. 2014) …………………………………………..……3

*In re DDAVP Direct Purchaser Antitrust Litig.*,
  585 F.3d 677 (2d Cir. 2009) …………………………………………………..11

*In re Livent, Inc. Noteholders Sec. Litig.*,
  151 F. Supp. 2d 371 (S.D.N.Y. 2001) ……………………………………….....5

*Kanongataa v. Coed Media Grp., LLC*,
  No. 16 Civ. 7472 (LAK), Dkt. Nos. 27 & 46 (S.D.N.Y. Feb. 15, 2017) ……………….6

*Kregos v. Associated Press*,
  3 F.3d 656 (2d Cir. 1993) …………………………………………..………..19

*Mack v. Sports Illustrated*,
  No. 13-10226, 2014 WL 12658971 (E.D. Mich. Mar. 10, 2014) ……………………….11

*McDermott v. Monday Monday, LLC*,
    No. 17 Civ. 9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018) ..........................7

*Merchant v. Levy*,
    92 F.3d 51 (2d Cir. 1996) ……………………………………………………………..19

*Muller-Paisner v. TIAA*,
    No. 06-4307-CV, 289 F. App'x 461, 2008 WL 3842899,
    (2d Cir. Aug. 15, 2008) ……………………………………………………………...3

*Papazian v. Sony Music Entm't*,
    No. 16 Civ. 07911 (RJS), 2017 WL 4339662 (S.D.N.Y. Sept. 28, 2017) …….…..…19, 21

*Perfect 10, Inc. v. CCBill LLC*,
    488 F.3d 1102 (9th Cir. 2007) …………………………………………………...…...13

*Petrella v. Metro-Goldwyn-Mayer*,
    134 S. Ct. 1973 (2014) …………………………………………………..19, 20, 21

*Prather v. Neva Paperbacks, Inc.*,
    446 F.2d 338 (5th Cir. 1971) ……………………………………………………18

*Psihoyos v. John Wiley & Sons, Inc.*,
    No. 11 Civ. 1416 (JSR), 2011 WL 4916299 (S.D.N.Y. Oct. 14, 2011) ………………...21

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014) ………………………………………………….……15

*Rudkowski v. Mic Network, Inc.*,
    No. 17 Civ. 3647 (DAB), 2018 WL 1801307 (S.D.N.Y. Mar. 23, 2018)…………..…...6

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008) …………………………………………………6, 16

*Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992) …………………………………………..………...16

*TechnoMarine SA v. Jacob Time, Inc. et al.*,
    No. 12 Civ. 0790 (KBF), 2012 WL 2497276 (S.D.N.Y. June 22, *2012*) ………...…..…..4

*Teva Pharm. USA, Inc. v. Sandoz Inc.*,
    No. 09 CIV. 10112 (KBF), 2013 WL 3732867 (S.D.N.Y. July 16, 2013) …….....…….6, 16

*Thompson v. Metro. Life Ins. Co.*,
    149 F. Supp. 2d 38 (S.D.N.Y. 2001) ……………………………………….....…...16

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
    718 F.3d 1006 (9th Cir. 2013) …………………………………………..9, 10, 11, 12

*Viacom Int'l, Inc. v. YouTube, Inc.*,
    676 F.3d 19 (2d Cir. 2012) ……………………………………….…...12

*Vikas Goel & Rainforest Trading Ltd.*,
    Nos. 14–cv–2053 (KBF), 14–cv–1895 (KBF). 2015 WL 5037002
    (S.D.N.Y. Aug. 26, 2015) …………………………………………………18

*William A. Graham Co. v. Haughey*,
    568 F.3d 425 (3d Cir. 2009) …………………………………………..16

*Wolf v. Travolta*,
    167 F. Supp. 3d 1077 (C.D. Cal. 2016) …………………………………20

*Wu v. John Wiley & Sons, Inc.*,
    No. 14 Civ. 6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) …………………....20

*Zuma Press, Inc. v. Getty Images (US), Inc.*,
    No. 16 CIV. 6110 (AKH), 2017 WL 2829517 (S.D.N.Y. June 29, 2017) ………..…….21

**Rules and Statutes**

17 U.S.C. § 507(b) …………………………………………………………15

17 U.S.C. § 512(c) ............................................................... *passim*

17 U.S.C. § 512(i)……………………………………………………....8

17 U.S.C. § 512(k) …………………………………………………… 8

17 U.S.C. § 512(m)...........................................................12, 13

17 U.S.C. § 1202………………………………………………………11

**Other Materials**

H.R. Rep. No. 105-551 (1997-1998) ...……………………..……………………13

S. Rep. No. 105-90, at 20 (1998) ……………………………………..……..7

144 Cong. Rec. H7074-03, H7095 (1998) ……………………………………..7

Meville Nimmer & David Nimmer,
Nimmer on Copyright, (2015) § 12…...…………………..…………………...……10, 12, 19

David Zax, *An Article Has a Lifespan of 37 Days, and Other Findings from Pocket*, Fast Company (Nov. 1, 2013) https://www.fastcompany.com/3020946/an-article-has-a-lifespan-of-37-days-and-other-findings-from-pocket …………………………………………………….....20

Meg Leta Ambrose, *It's About Time: Privacy, Information Life Cycles, and the Right to Be Forgotten*, 16 Stan. Tech. L. Rev. 369 (2013) …………………………………………………..20

Raphael Winick, *Intellectual Property, Defamation and The Digital Alteration of Visual Images*, 21 Colum.-VLA J.L. & Arts 143 (1997)…………………………………..…20

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant BuzzFeed, Inc. ("BuzzFeed") respectfully submits this memorandum of law in support of its partial motion to dismiss plaintiff Minden Pictures, Inc.'s ("Plaintiff") complaint dated March 19, 2018 (the "Complaint" or "Cplt.").

## PRELIMINARY STATEMENT

This case represents a classic example of a copyright infringement plaintiff's overreach and misuse of the court system to pressure a media company into paying exorbitant sums to avoid the cost of litigating over long-forgotten online postings, many of which are not properly the subject of a federal complaint.  Out of the 17 photographs that are at issue here, 10 should be dismissed, some for multiple independent reasons.  The following deficiencies in Plaintiff's Complaint justify a significant streamlining of this case.

*First*, three of the photographs should be excluded because they were posted by third-party BuzzFeed site users to a BuzzFeed "community" page, and BuzzFeed is protected against claims related to such user-submitted content by the safe harbor provisions in the Digital Millennium Copyright Act ("DMCA").  Plaintiff conveniently omits any mention that these posts were user-generated and omits screen shots indicating that they did not originate with BuzzFeed, itself.  While there is no dispute that Plaintiff failed to submit a DMCA takedown notice, even so, BuzzFeed removed the allegedly offending images, and there is no plausible basis alleged in the Complaint – nor could there be – that it ever had actual or "red flag" knowledge that the photographs were infringing (if they were at all).

*Second*, ten images (including the three that would otherwise be barred by the DMCA), are time-barred on the face of the Complaint, the exhibits attached thereto, and public information of which the Court may take judicial notice, because any purported violation by

1

BuzzFeed occurred more than three years prior to the filing of the Complaint.  Even if Plaintiff

had discovered the infringements with reasonable diligence – and there is a good basis to believe

Plaintiff was not reasonably diligent – BuzzFeed engaged in no volitional act within the three-

year limitations period, and no plausible basis exists to indicate that Plaintiff was damaged in any

way during the relevant timeframe.

*Third*, one photograph (which also happens to be time-barred) has not yet been registered

with the U.S. Copyright Office and therefore cannot be the subject of a federal lawsuit under

clear and consistent Second Circuit precedent.  Exhibit A to the Complaint states that the

registration for this image is "pending" which is, as a matter of law in this circuit, insufficient to

confer on Plaintiff a right to sue BuzzFeed over the alleged infringement of this image.

*Finally*, four images (two of which also fall under the DMCA and statute of limitations

bars) were not registered in a timely manner under the Copyright Act and therefore Plaintiff

would only be eligible to recover actual damages (if any) as opposed to statutory damages and

would not be permitted to seek attorney's fees in connection with these images.    Any claim for

statutory damages and attorney's fees related to these four photographs should be dismissed.

If the Court grants BuzzFeed's motion in full, ten images will be dismissed from the case,

and of the remaining seven, two will be limited to recovery of actual damages (if any).

## **BACKGROUND**

Accepting as true for purposes of this motion all factual allegations contained in the

Complaint, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007), the relevant facts are as

follows:

Plaintiff is a California-based photo licensing agent which, purportedly by virtue of

contractual assignments with various photographers, claims to be "the sole and exclusive agent

and representative for the licensing and use of certain original nature photographs." (Cplt. ¶ 8.) There are 17 nature photographs at issue in this case, as seen in Exhibit A to the Complaint (collectively, the "Photographs"), which Plaintiff contends have been registered with the U.S. Copyright Office.[1] Plaintiff alleges that BuzzFeed – a publisher of web-based news and entertainment content, and the owner and operator of www.buzzfeed.com – used the Photographs on its website without authorization (*see id.* ¶¶ 10-12, 14-15). The four corners of the Complaint and its attachments do not provide much more detail.

But the exhibits appended to the Complaint, as well as materials the Court is permitted to consider on a motion to dismiss, tell a more complete story. First, three of the Photographs – Nos. 2, 8, and 10 – were posted to BuzzFeed's "Community" page, which is a forum for the submission of third-party user-generated content ("UGC").[2] This would have been obvious had Plaintiff included complete representations of the posts at issue; true and correct screen captures of the posts containing Photograph Nos. 2, 8, and 10 – as they appeared when the Photographs were still online – are attached to the Declaration of Scott J. Sholder ("Sholder Decl.") as Exhibit A.[3] (*See* Sholder Decl. ¶ 2.) Indeed, all three posts include a conspicuous "Community" header;

---

[1] Plaintiff did not number the Photographs depicted in Exhibit A to the Complaint. For ease of reference, BuzzFeed refers to each of them by sequential number from 1-17 starting with the first Photograph listed in Plaintiff's Exhibit A.

[2] *See* https://www.buzzfeed.com/community/about ("BuzzFeed Community is the home for awesome posts created by BuzzFeeders. If you like to share humor, cool stuff you've found, insights into identity and fandom, personality and trivia quizzes, and the occasional ode to Taylor Swift, then this is the place for you!"). *See infra* note 3.

[3] On a motion to dismiss, the Court is entitled to consider documents attached to the complaint or incorporated in it by reference; documents "integral" to the complaint and relied upon in it; and documents and facts of which judicial notice may properly be taken under Federal Rule of Evidence 201. *See Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *see also Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 645, n.1 (S.D.N.Y. 2011) (on a motion to dismiss, a court may take judicial notice of documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit). In considering this motion, the Court may review the full posts at issue, which Plaintiff clearly possesses, are "relie[d] upon heavily," and are unquestionably "integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The Court may also take judicial notice of information publicly available on BuzzFeed's website. *See Muller-Paisner v. TIAA*, 289 Fed.

and two of three list their respective authors as "Community Contributor[s]," and include clear disclaimers directly beneath the byline stating: "This post has not been vetted or endorsed by BuzzFeed's editorial staff.  BuzzFeed Community is a place where anyone [can] create a post." (*Id.*)  Further, in accordance with the DMCA, BuzzFeed promptly removed the three Photographs posted in the BuzzFeed Community upon learning of the Complaint.  Attached as Exhibit B to the Sholder Declaration are true and correct screen captures of the posts corresponding to Photograph Nos. 2, 8, and 10, as they currently appear on the BuzzFeed website.  (*See* Sholder Decl. ¶ 3.)

Second, the alleged acts of infringement relating to 10 of the 17 Photographs at issue here – Nos. 1-4, 7, 8, 10, 11, 15, and 16 – occurred well beyond the three-year period before the filing of the Complaint, thus barring Plaintiff's claims even if its claims were technically timely under the discovery rule, which they are not.  The dates of the alleged acts of infringement, *i.e.*, BuzzFeed's publication of each Photograph, while not obvious from the Complaint or the exhibits thereto, are clear on the face of the posts themselves; true and correct screen captures of the first page of each of the posts containing these Photographs, as they appear now, are attached to the Sholder Declaration as Exhibit C, in order to illustrate their respective dates of publication. (*See* Sholder Decl. ¶ 4.)  *See also supra* note 3.  Even if its claims were timely, Plaintiff would at very least be barred from recovery any damages – actual or statutory – for these images.

Third, Plaintiff's own Exhibit A to its Complaint concedes that at least one image (Photograph No. 3) is not yet registered with the U.S. Copyright Office and therefore cannot be the subject of this or any infringement lawsuit, (*see* Cplt. Exh. A at 1), and a combination of Exhibit A and publicly available records indicate that another four Photographs (Nos. 9-12) are

---

App'x. 461, 466 n.5 (2d Cir. 2008); *TechnoMarine SA v. Jacob Time, Inc.*, No. 12 Civ. 0790 KBF, 2012 WL 2497276, at *1 (S.D.N.Y. June 22, 2012); *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 173, 179, n.8 (S.D.N.Y. 2006).

ineligible for statutory damages due to their untimely registration.

## ARGUMENT

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  But "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "[courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (internal quotations marks and citations omitted).

Applying the plausibility standard is a "context-specific task" requiring the Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.  Thus, while the Court is generally required, on a motion to dismiss, to accept a complaint's factual allegations as true, the Court "need not feel constrained to accept as truth conflicting pleadings that make no sense . . . or that are contradicted either by statements in the complaint itself[,] or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) (collecting cases).  *See TechnoMarine SA*, 2012 WL 2497276, at *1 (court may consider judicially noticed facts on a motion to dismiss "even if the corresponding documents are not attached to or incorporated by reference in the complaint").

## I.   PLAINTIFF'S INFRINGEMENT CLAIM AS IT RELATES TO PHOTOGRAPH NOS. 2, 8, AND 10 IS BARRED BY THE DMCA

Based on the allegations in the Complaint, the attached exhibits, and the other materials upon which this Court may rely, the § 512(c) safe harbor of the DMCA, as a matter of law, bars Plaintiff's copyright infringement claims against BuzzFeed with respect to Photograph Nos. 2, 8, and 10.  *See Teva Pharm. USA, Inc. v. Sandoz Inc.*, No. 09 CIV. 10112 KBF, 2013 WL 3732867, at *3 (S.D.N.Y. July 16, 2013) ("Courts may grant motions to dismiss based on an affirmative defense so long as the applicability of the defense is apparent on the face of the complaint or documents incorporated by reference within the complaint.") (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)).

Indeed, courts routinely grant motions to dismiss copyright claims based on affirmative defenses.  *See, e.g.*, *Cariou v. Prince*, 714 F.3d 694 (2d Cir. 2013) (holding that fair use may be established at pleading stage); *Rudkowski v. Mic Network, Inc.*, No. 17 Civ. 3647 (DAB), 2018 WL 1801307 (S.D.N.Y. Mar. 23, 2018) (granting motion to dismiss on *de minimis* use grounds); *Kanongataa v. Coed Media Grp., LLC*, No. 16 Civ. 7472 (LAK), Dkt. Nos. 27 & 46 (S.D.N.Y. Feb. 15, 2017) (granting motion to dismiss on fair use and *de minimis* use grounds and awarding fees to defendants); *Burgin v. Nat'l Football League*, No. 13 Civ. 8166 KBF, 2014 WL 1760112 (S.D.N.Y. Apr. 30, 2014) (denying motion to amend and dismissing copyright claim on *de minimis* use grounds); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625 (S.D.N.Y. 2008) (granting motion to dismiss copyright claim where depiction of pinball machine in film was, on the face of the complaint, *de minimis*).  *See also Arrow Prods., LTD. v. Weinstein Co. LLC*, 44 F. Supp. 3d 359 (S.D.N.Y. 2014) (granting motion for judgment on the pleadings based on fair use).[4]

---

[4] Courts have awarded monetary sanctions and other penalties when plaintiffs and counsel fail to

The insulation from suit based on the existence of third-party material on an online platform is a central part of the DMCA.  In recognizing that online entities would not be able to survive if they were exposed to liability for every claim of copyright infringement arising from material posted by third-party users, Congress enacted a detailed and balanced framework that immunizes from copyright infringement liability online businesses that comply with the requirements of that framework.  *See* S. Rep. No. 105-90, at 20 (1998) (Congress enacted the DMCA safe harbor provisions in order to "provide[] greater certainty to service providers concerning their legal exposure for infringements that may occur in the course of their activities."); *id.* at 2 ("[I]f America's service providers are subject to litigation for the acts of third parties at the drop of a hat, they will lack the incentive to provide quick and sufficient access to the Internet."); *see also* 144 Cong. Rec. H7074-03, H7095 (1998) (statement of Rep. Goodlatte).  Plaintiff's copyright infringement claim, as it applies to Photograph Nos. 2, 8, and 10, gives no regard to the central goals and outcomes of the DMCA.

---

anticipate obvious defenses resulting in dismissals.  *See, e.g.*, *Rudkowski*, 2018 WL 1801307, at *3-5 (granting motion to dismiss on *de minimis* use grounds; fees and sanctions motion against plaintiff law firm pending); *McDermott v. Monday Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) (plaintiff withdrew complaint without prejudice in face of Rule 12(b)(2) motion to dismiss; court declined to award fees but stated if counsel "files any other action in this district against a defendant over whom there is no non-frivolous basis to find that there is personal jurisdiction, the outcome may be different"); *Kanongataa*, No. 16 Civ. 7472 (LAK), Dkt. Nos. 27 & 46 (granting motion to dismiss on fair use and *de minimis* use grounds and awarding fees to defendants against plaintiff).  If the defenses referenced in the above cases were properly adjudged at the pleading stage to the point that the plaintiffs and firms were exposed to potential sanctions, there is no reason why the Court could not apply in this case a well-established safe harbor defense that exists expressly in the Copyright Act.

**A.      Applicable Legal Standards**

1. <u>DMCA Threshold Requirements</u>

Section 512(c) of the DMCA states, in pertinent part, that a service provider will not be liable for monetary or injunctive relief for copyright infringement "by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider," if the defendant satisfies certain threshold requirements.  In short, the defendant must be a "service provider" (§ 512(k)(1)(B)); must have reasonably implemented a policy for dealing with repeat infringers, including terminating their accounts when appropriate, (§ 512(i)(1)(A)); and must not interfere with "standard technical measures" employed by copyright owners to identify or protect their copyrighted works (§ 512(i)(2)).  The allegations in the Complaint notably omit any contention that BuzzFeed fails to satisfy any of these threshold requirements.

2. <u>DMCA Safe Harbor Requirements</u>

A service provider that satisfies the DMCA's threshold requirements must also satisfy the criteria of § 512(c)(1), namely that the material was stored "at the direction of a user" and that the service provider:

> (A) (i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;
> (ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
> (iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;
> (B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
> (C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

§ 512(c)(1)(A)-(C).

As discussed above, the posts containing Photograph Nos. 2, 8, and 10, were all UGC submitted by third-party BuzzFeed Community members.  Plaintiff does not contend BuzzFeed violated § 512(c)(1)(B); as discussed below, taking as true the allegations in the Complaint (or lack thereof), as a matter of law BuzzFeed did not possess the requisite knowledge of alleged infringement per §§ 512(c)(1)(A)(i)-(ii), but even so, expeditiously removed Photograph Nos. 2, 8, and 10 upon receiving notice in accordance with §§ 512(c)(1)(A)(iii) and (C).

### B.    BuzzFeed Promptly Removed the Photographs from the Community Posts

As a threshold matter, it is undisputed that Plaintiff never issued a takedown notice to BuzzFeed as required by the DMCA.  However, BuzzFeed promptly removed the three Photographs posted to the BuzzFeed Community upon the filing of the Complaint.  (*See* Sholder Decl. ¶ 3 & Exh. B.)  *See supra* note 3.  Plaintiff's claims concerning these three Photographs should be dismissed with prejudice for this reason alone.  *See Capitol Records, Inc. v. MP3tunes, LLC*, 611 F. Supp. 2d 342, 346 (S.D.N.Y. 2009) ("The DMCA requires that copyright owners follow the notice provisions provided in 17 U.S.C. § 512(c)(1) – a DMCA 'Take Down Notice' – in order to hold internet service providers liable for copyright infringement.") (citation omitted); *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1023 (9th Cir. 2013) (finding Veoh protected by DMCA safe harbor where it "promptly removed infringing material when it became aware of specific instances of infringement"); 17 U.S.C. § 512(c)(1) (requiring removal of infringing materials "upon notification of claimed infringement") (emphasis added).

Notwithstanding whether BuzzFeed had actual or "red flag" knowledge of the alleged infringements – which, for the reasons set forth in detail below, it did not – BuzzFeed is still protected by the DMCA by virtue of its expeditious removal of these Photographs in accordance with §§ 512(c)(1)(A)(iii) and (C).  *See Capitol Records, LLC v. Vimeo, LLC*, 826 F.3d 78, 95 (2d

Cir. 2016) (a service provider "can still qualify for the safe harbor if, after gaining the requisite mental state, it acted expeditiously to disable access to the infringing content") (quoting Melville B. Nimmer & David Nimmer, Nimmer on Copyright, at § 12B.04[A][1][d], n.145 (2015)).

### C.   Plaintiff Does Not State Plausible Allegations Concerning BuzzFeed's Purported Knowledge that the Uses of the Photograph Nos. 2, 8, and 10 Were Infringing

The Court should find that BuzzFeed would still not lose its DMCA protection, even absent discovery, because the Complaint pleads no plausible basis to believe BuzzFeed had the requisite knowledge of infringing activity that would divest it of its DMCA protection.[5]

1.   Plaintiff does not plead that BuzzFeed had actual knowledge of infringement.

Plaintiff's "decision to forgo the DMCA notice protocol stripped [it] of the most powerful evidence of a service provider's knowledge – actual notice of infringement from the copyright holder." *UMG Recordings*, 718 F.3d at 1021-22 (internal quotation marks omitted). *See also Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-CV-04587-SVW-KS, 2017 WL 2729584, at *7 (C.D. Cal. May 1, 2017) ("A service provider will not be found to have knowledge of infringement unless (1) the copyright holder submits a complaint that complies with the DMCA's procedural requirements (a deficient notice cannot be used to establish knowledge); or (2) a third-party submits a sufficiently specific complaint about potential infringement."). Plaintiff's Complaint fails to allege that Plaintiff submitted a complaint that complies with the DMCA's procedural requirements. This dooms Plaintiff's claim as it applies

---

[5] While the Complaint contains no factual detail concerning BuzzFeed's involvement vis a vis the Photographs, it makes conclusory allegations that BuzzFeed, itself, "had access to," "used and distributed," and "exploited" the Photographs on the BuzzFeed website. (*See* Cplt. ¶¶ 14-15.)  If Plaintiff is relying on the theory that the posts containing the three Photographs posted to the BuzzFeed Community were not materials stored "at the direction of a user" because BuzzFeed itself posted it, this theory is specious because the available evidence shows that the three Photographs were not, in fact, posted by BuzzFeed.  Even so, mere posting would not be enough to remove BuzzFeed's DMCA protection. *See BWP Media USA, Inc. v. Clarity Digital Group, LLC*, 820 F.3d 1175 (10th Cir. 2016) (holding that service provider did not, by its own acts or decisions, cause or encourage infringement, and therefore did not lose its DMCA safe harbor protection).

to Photograph Nos. 2, 8, and 10.

Grasping for something to hang onto, Plaintiff makes cursory mention of BuzzFeed's "actual or constructive knowledge" of Plaintiff's rights (*see* Cplt. ¶ 18). This assertion does not merit serious consideration, particularly given that Plaintiff does not even contend that BuzzFeed ever reviewed the subject Photographs (or the posts), let alone evaluated Plaintiff's specific copyright rights. Indeed, Plaintiff effectively admits that it did not provide notice of infringement to BuzzFeed prior to suit. Conclusory allegations such as these with no factual basis apart from rank speculation are insufficient to state a claim. *See Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff is essentially stating a legal conclusion – that BuzzFeed had actual knowledge of infringement under the DMCA – couched as a factual allegation, and the Court need not accept such a statement as true. *See Brown*, 756 F.3d at 225. *Cf. Masck v. Sports Illustrated*, No. 13-10226, 2014 WL 12658971, at *4 (E.D. Mich. Mar. 10, 2014) (citing *Gordon v. Nextel Commc'ns*, 345 F.3d 922, 927 (6th Cir. 2003)) (denying motion to amend complaint; holding that amended complaint made "only a conclusory allegation with no factual basis for this Court to plausibly infer actual knowledge" for purposes of a DMCA § 1202 counterclaim).[6]

Moreover, the mere hosting of a certain type of copyrightable content (here, photographs) "with the general knowledge that one's services could be used to share infringing material, is insufficient to meet the actual knowledge requirement under § 512(c)(1)(A)(i)."[7] *UMG*

---

[6] While the Second Circuit has held that district courts should be lenient in allowing scienter issues to survive motions to dismiss, *see In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 693 (2d Cir. 2009), this assumes that some plausible factual basis is stated, *see, e.g.*, *Aaberg v. Francesca's Collections, Inc.*, No. 17-CV-115 (AJN), 2018 WL 1583037, at *9 (S.D.N.Y. Mar. 27, 2018), which is not the case here.
[7] BuzzFeed does not concede that its platform is being used to share infringing material but merely recognizes that Plaintiff alleges that it is.

*Recordings, Inc.*, 718 F.3d at 1022.[8]  It would not even be sufficient for a copyright owner to show "that a video posted by a user on the service provider's site includes substantially all of a recording of recognizable copyrighted music, and that an employee of the service provider saw at least some part of the user's material," *Vimeo*, 826 F.3d 96 – a much more likely candidate for a finding of actual knowledge than the fact pattern here.  While the *Vimeo* court indicated that a plaintiff is "entitled to take discovery of the service provider to enable it to make" a showing of knowledge, 826 F.3d at 95, 97-98, such discovery is not necessary here because the allegations in the Amended Complaint are deficient as a matter of law and do not plead facts suggesting the outcome would be plausibly different after discovery.

    2.   <u>Even purported review of the Posts or Photographs would not confer "red flag" knowledge of infringement to BuzzFeed.</u>

To the extent Plaintiff contends that BuzzFeed was "aware of facts or circumstances from which infringing activity is apparent," 17 U.S.C. § 512(c)(1)(A)(ii), and notably, it proffers no facts that it does, the allegations in the Complaint are insufficient to establish a plausible claim for such "red flag knowledge," which requires a showing that BuzzFeed "was subjectively aware of facts that would have made the specific infringement 'objectively' obvious to a reasonable person."  *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 31 (2d Cir. 2012).

Plaintiff bears the burden of demonstrating that BuzzFeed had the requisite knowledge (or failed to act after acquiring the requisite knowledge) of the alleged infringement.  *See Vimeo*, 826 F.3d at 94; Nimmer, *supra*, §§ 12B.04(A)(1)(d), n.145, 12B.04(B)(4)(c).  This is because service providers are explicitly not charged with policing all their content, let alone knowing the copyright status of all images on all websites on the Internet.  *See* 17 U.S.C. § 512(m)(1) (to qualify for safe harbor protection, a service provider is not obligated to "monitor[] its services or

_____

[8] The same is true with regard to "red flag" knowledge.  *See UMG Recordings*, 718 F.3d at 1023; 17 U.S.C. § 512(c)(1)(A)(ii).

affirmatively seek[] facts indicating infringing activity"); *Perfect 10, Inc. v. CCBill LLC*, 488

F.3d 1102, 1113-14 (9th Cir. 2007) (imposing no "investigative duties on service providers";

DMCA "place[s] the burden of policing copyright infringement . . . squarely on the owners of

the copyright").

　　　The Complaint does not contain any theory of red-flag knowledge except to say that, on

information and belief, BuzzFeed may have accessed the Plaintiff's Photographs via social

media or third-party websites (*see* Cplt. ¶ 14) and had "constructive knowledge of Plaintiff's

rights" such that its alleged infringement was willful.  (*See id.* ¶ 18.)  Plaintiff appears to contend

that one should automatically know that a photograph on the Internet is not free to use if it

appears in social media or on a third-party website.  The basis for this knowledge likely arises

from the flawed notion that BuzzFeed is charged with knowing the licensing status of every

photograph on every website on the Internet and must not just police but must also investigate its

own website for third-party infringement through UGC.  This is exactly the type of allegation

that the DMCA was drafted to foreclose outright.  *See* discussion, *supra*; 17 U.S.C. § 512(m). *Cf.*

S. Rep. No. 105-190, at 48 ("a [service] provider could not be expected, during the course of its

brief cataloguing visit, to determine whether [a] photograph was still protected by copyright or

was in the public domain; if the photograph was still protected by copyright, whether the use was

licensed; and if the use was not licensed, whether it was permitted under the fair use doctrine");

H.R. Rep. No. 105-551, pt. 2, at 57–58 (same).  *See also* 17 U.S.C. § 512(c)(1)(C).

　　　Further, the notion that BuzzFeed had red flag knowledge of infringement because a

Photograph was sourced from a third-party website is clearly contradicted by the *CCBill* case.

There, the plaintiffs argued that there were a number of red flags that made it apparent infringing

activity was afoot, noting that the defendant hosted sites with names such as "illegal.net" and

"stolencelebritypics.com," as well as password hacking websites, which "obviously infringe." *CCBill*, 488 F.3d at 1114.  The Ninth Circuit "disagreed that these were sufficient red flags" in light of the proper allocation of burdens and investigative responsibilities.  *Id.*  If association with websites like "illegal.net" and "stolencelebritypics.com" does not impute red flag knowledge of potentially infringing activity, no reasonable person seeing an image sourced from widely used mainstream social media platforms and heretofore unnamed third-party websites would objectively believe otherwise.

Plaintiff relies on rank speculation and pleads no plausible facts to support the notion that BuzzFeed had red flag knowledge other than to say it had access to the Internet.  Plaintiff clearly relies on the notion that services providers must be aware of the copyright status of images on all social media platforms and third-party websites, but this is simply insufficient to strip away BuzzFeed's safe harbor protection and would defeat the purpose of the DMCA.[9]

\*\*\*

Asking a court to entertain claims so clearly proscribed by the DMCA that Plaintiff feels obligated to conceal facts relevant to showing that certain posts were UGC is, to say the least, improper.  What is worse, Plaintiff is transparently attempting to undermine the core principles of the DMCA by asking the Court to hold that a service provider like BuzzFeed can be subject to litigation where there are no facts suggesting knowledge, or circumstances suggesting a highly reckless disregard of facts that would obviously impute knowledge, of the infringement. Plaintiff pleads no facts suggesting that BuzzFeed falls outside the DMCA safe harbor and is forcing BuzzFeed to choose between expensive discovery or paying an outsized settlement number that will chill other digital media companies from doing exactly what the DMCA indicates they can do without risk.  Effectively, Plaintiff's suit seeks to shut down all online

---

[9] For the reasons stated *supra*, discovery concerning "red flag" knowledge would not change the outcome.

community platforms merely because a third party may post unauthorized content on the platform – this is the exact concern that led to the DMCA in the first place, and this Court should not take up Plaintiff's invitation to undercut clear legislation.  If Plaintiff takes issue with the established boundaries of the DMCA, its venue for addressing such issue is before Congress. Until Plaintiff successfully changes the law, this suit should be entertained as to Image Nos. 2, 8, and 10.

## II.    PLAINTIFF'S CLAIM WITH RESPECT TO PHOTOGRAPH NOS. 1-4, 7, 8, 10, 11, 15, AND 16 IS TIME-BARRED

The Complaint, coupled with publicly available data about BuzzFeed's posts, unequivocally demonstrates that Plaintiff's claim for copyright infringement is time-barred as it relates to BuzzFeed's use of Photograph Nos. 1-4, 7, 8, 10, 11, 15, and 16 (the "Time-Barred Photographs").  The uses of the Time-Barred Photographs occurred from 2009 through 2014 – a date range outside the three-year look-back period for relief under the Copyright Act, 15 U.S.C. § 507(b), given that the Complaint was filed on March 19, 2018.  (Dkt. No. 1.)

### A.    Plaintiff Makes No Allegations Concerning Discovery of the Alleged Infringements

When assessing the timeliness of copyright infringement claims, the Second Circuit adheres to the "discovery rule" – that is, a claim for infringement accrues (and the statute of limitations begins to run) when the copyright owner discovered, or should have discovered with "reasonable diligence," the purported infringement.  *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124–25 (2d Cir. 2014).  The Complaint is noticeably silent concerning Plaintiff's discovery of the Time-Barred Photographs and fails to set forth the date and circumstances when Plaintiff first became aware of (or should have become aware of) BuzzFeed's use of the Time-Barred Photographs.  The Complaint merely states, in conclusory fashion, that "Plaintiff is

15

informed and believes and thereon alleges that following its publication and display of the Subject Photographs, Defendants used the Subject Photographs without Plaintiff's authorization." (Cplt. ¶ 10.)[10]

Even if Plaintiff were to amend the Complaint, common sense and a perusal of publicly available court documents indicating Plaintiff's familiarity with copyright litigation and repeat appearances on federal dockets would dictate that a reasonably diligent copyright owner in Plaintiff's position would have been put on inquiry as to the existence of the BuzzFeed posts containing the Time-Barred Photographs to enable it to bring a timely infringement claim. Reasonable diligence for purposes of the discovery rule is determined by asking whether the Plaintiff "should have known of the basis for its claims, which depends on whether it had sufficient information of possible wrongdoing to place it on inquiry notice or to excite storm warnings of culpable activity." *William A. Graham Co. v. Haughey*, 568 F.3d 425, 438 (3d Cir. 2009) (internal citations and quotations omitted). *See also Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992) (plaintiff's "failure to pursue the matter aggressively" after being put on inquiry notice did not toll statute of limitations).

Inquiry notice is triggered when the plaintiff has sufficient information to give rise to reasonable suspicion that its copyrighted works may have been infringed – that is, the quantum of information necessary to prompt a reasonably diligent rights holder to inquire whether such infringement has occurred. *See, e.g.*, *Thompson v. Metro. Life Ins. Co.*, 149 F. Supp. 2d 38, 48 (S.D.N.Y. 2001) ("it is not necessary for a plaintiff to understand every permutation of his or her injury, rather the plaintiff simply needs to have a 'hint' or 'suspicion' of the injury and its cause

---

[10] While preclusion via the statute of limitations is typically a defendant's burden to prove, "[c]ourts may grant motions to dismiss based on an affirmative defense so long as the applicability of the defense is apparent on the face of the complaint or documents incorporated by reference within the complaint." *Teva Pharm. USA, Inc.*, 2013 WL 3732867, at *3 (*citing Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). Such is the case here.

to be put on inquiry notice."); *see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("A plaintiff does not need to know that his injury is actionable to trigger the statute of limitations – the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim.").  Publicly available facts clearly show this standard has not been met here.

This is not Plaintiff's first foray into litigation over its copyrighted works and an "ignorance is bliss" approach will not satisfy the reasonable diligence standard.  Plaintiff is a serial litigant that has filed 36 lawsuits over its copyrighted works, starting as early as July of 2010.  (*See* Sholder Decl. ¶ 5, Ex. D (PACER report printout).)  In order to find long-forgotten photographs buried in archival Internet posts like the ones at issue here, litigants like Plaintiff utilize software services that use algorithms to scour the Internet for copies of photographers' works.[11]  Such services have been available as early as 2002.[12]  Plaintiff was well aware – prior to the three-year look-back period – that due to the evolving landscape of copyright law as it applies to the internet, the practice of photographers going after large and small websites alike for the unlicensed use of photographs was widespread.

There is no question that by March 18, 2015 at the very latest (but likely much earlier), Plaintiff was aware or should have been aware that it had potential claims against online media companies for purported infringement of his photographs that he could enforce.  Under settled law, March 18, 2015 is the latest possible date on which Plaintiff was on "inquiry notice": it had

---

[11] *See* Steven Melendez, *Here Come the Copyright Bots for Hire, With Lawyers in Tow*, FAST COMPANY (Feb. 21, 2018), https://www.fastcompany.com/40494777/here-come-the-copyright-robots-for-hire-with-lawyers-in-tow.

[12] *See Company Overview of PicScout, Inc.*, BLOOMBERG, https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=11685920 (last updated May 31, 2018); Greg Lamm, *Getty Buys Image Copyright Monitor PicScout for $20M*, BIZ JOURNALS (Apr. 28, 2011), https://www.bizjournals.com/seattle/blog/techflash/2011/04/getty-images-buys-picscout-for-20m.html.

sufficient information in its possession to provide a reasonable person "a 'hint' or 'suspicion' of the injury and its cause."   *Thompson*, 149 F. Supp. 2d at 48; *see also Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 341 (5th Cir. 1971) ("Once plaintiff is on inquiry [notice] that it has a potential claim, the statute [of limitations] can start to run.") (emphasis added); *Vikas Goel & Rainforest Trading Ltd.*, 2015 WL 5037002, at *11 ("Storm warnings sufficient to put a party on inquiry notice need not detail the entire[ty of the wrongdoing.]") (internal quotations omitted).

Plaintiff's failure to timely file suit given its likely knowledge of alleged infringements, its reasonable ability to easily discovery the alleged infringements, or its failure to utilize a widely used technology to find such alleged infringements, all lead to the same conclusion: BuzzFeed should not be the target of a federal copyright claim encompassing ten long-forgotten images.

### B.     Even if the Time-Barred Photographs Were Discovered in a Timely Manner, Plaintiff's Claims Should Be Dismissed for Lack of Volitional Conduct by BuzzFeed

When allegedly infringing acts occur over time, the Court must not only determine when a claim accrues (*i.e.*, discovery by a reasonably diligent plaintiff), but also which, if any, of the acts triggers a right to actual or statutory damages.  Here, regardless of when the underlying claims related to the Time-Barred Photographs accrued, BuzzFeed did not engage in any volitional act of infringement within the three years preceding the filing of the Complaint, barring Plaintiff from recovery.  In other words, the plaintiff has the exclusive right "to do" and "to authorize" particular uses.  17 U.S.C. § 106(4).  Accordingly, the Court must look at what the defendant did "do" and when it did it.  As explained here, the only actions that were taken regarding the Time-Barred Photographs were "done" more than three years before suit.

The Second Circuit applies a "rolling" approach to copyright infringement: a plaintiff is entitled to recover damages only for infringing acts actually occurring up to three years before the filing of the complaint, "such that the passage of each additional day forecloses one more day of past damages." Nimmer § 12.05 [B][2][c]. *See, e.g., Merchant v. Levy*, 92 F.3d 51, 57 n.8 (2d Cir. 1996) ("[R]ecovery is barred for any infringing acts occurring more than three years prior to suit"); *Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir. 1993) (noting the "disfavor that the continuing-infringement doctrine has received in the copyright-infringement context" and concluding that "[t]he continuing-infringement doctrine ... [is] unavailable in this circuit"). Indeed, the Supreme Court has held that "a successful plaintiff can gain retrospective relief only three years back from the time of suit" and that "*[n]o recovery* may be had for infringement in earlier years." *Petrella*, 134 S. Ct. at 1973 (emphasis added).

Applying the rolling approach to the facts here, Plaintiff has no right to relief for infringing acts that occurred before March 19, 2015, the date three years before the Complaint was filed. *See Papazian v. Sony Music Entm't*, No. 16 Civ. 07911 (RJS), 2017 WL 4339662, at *6 (S.D.N.Y. Sept. 28, 2017) (granting partial summary judgment to defendant on copyright claim where no infringing acts occurred within the three-year look-back periods).[13]  Any infringing acts for which BuzzFeed could be liable in connection with the Time-Barred Photographs occurred long before the three-year look-back period for relief given that the dates of publication for the Time-Barred Photographs fall between 2009 and 2014.  (*See* Sholder Decl. ¶ 4 & Exh. C), and it is the posting of the images that constitutes the allegedly infringing act.

---

[13] While *Papazian* was decided on a partial motion for summary judgment, no discovery is needed here to reach the same outcome.  In *Papazian*, the defendants proffered evidence concerning the distribution of a music album and how it had derived no benefit from the sale of the album in the preceding over 11 years. *Papazian*, 2017 WL 4339662, at *6.  No such evidence is necessary here because, based on the Complaint and available information at the Court's disposal, it cannot plausibly be disputed that BuzzFeed posted the articles containing the Time-Barred Photographs only once, and that those posts occurred between 4 and 9 years ago.

*See, e.g.*, *Wolf v. Travolta*, 167 F. Supp. 3d 1077 (C.D. Cal. 2016) (allegedly infringing document's continued presence on defendants' website through 2014 (after being originally published in 2010) constituted "harm from [a] past violation[ ] that [was] continuing" through 2014, and not a "new wrong" that gave rise to "[s]eparately accruing harm" within the limitations period).

It also bears mention that even if the claims are not wholly time-barred – which BuzzFeed does not concede – Plaintiff will not be entitled to recover damages.  *See, e.g.*, *Merchant*, 92 F.3d at 57 n.8 ("a copyright owner's suit for infringement is timely if instituted within three years of each infringing act for which relief is sought, but recovery is barred for any infringing acts occurring more than three years prior to suit") (citation omitted); *Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir. 1993) (same);  *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746, 2015 WL 5254885, at *6 (S.D.N.Y. Sept. 10, 2015) (same);  *Galet v. Carolace Embroidery Prods. Co.*, No. 91 Civ. 7991, 1994 WL 542275, at *3 n.2 (S.D.N.Y. Oct. 5, 1994) (Sotomayor, J.) (same); *Gaste v. Kaiserman*, 669 F. Supp. 583, 584 (S.D.N.Y. 1987) (same).

Because actual damages would be measured by a reasonable license fee pertaining to the last three years, *see supra*, Plaintiff's claim is valueless because the posts at issue here were no longer visible – and thus essentially worthless – very shortly after they were posted.[14]  Plaintiff likewise cannot rely on statutory damages because the Supreme Court's decision in *Petrella* bars *any* form of damages prior to three years before the filing of the complaint, *see* 134 S. Ct. at

---

[14] *Cf.* David Zax, *An Article Has a Lifespan of 37 Days, and Other Findings from Pocket*, Fast Company (Nov. 1, 2013), https://www.fastcompany.com/3020946/an-article-has-a-lifespan-of-37-days-and-other-findings-from-pocket (on average, posts online are viable for 37 days); Meg Leta Ambrose, *It's About Time: Privacy, Information Life Cycles, and the Right to Be Forgotten*, 16 Stan. Tech. L. Rev. 369, 406 (2013) ("What happens to information when it is no longer newsworthy? At the record phase, information becomes stale and subsequently may need verification and is not sought out by the general public."); Raphael Winick, *Intellectual Property, Defamation and The Digital Alteration of Visual Images*, 21 Colum.-VLA J.L. & Arts 143, 175 (1997) ("photographs may lose their newsworthiness over time").

1973, and at least one judge in this District has interpreted the language of *Petrella* to include

statutory as well as actual damages. *See Papazian*, 2017 WL 4339662, at *6 (Sullivan, J.) ("The

most straightforward interpretation of *Petrella*, as adopted and applied above, is that no recovery

of any kind, including statutory damages, is permitted for infringing acts occurring more than

three years prior to suit.").

### III. PLAINTIFF CANNOT SUE FOR ANY PURPORTED INFRINGEMENTS OF PHOTOGRAPH NO. 3 BECAUSE ITS REGISTRATION IS PENDING

Exhibit A to the Complaint lists Copyright Office registration numbers for each of the

Photographs, except for Photograph No. 3, which Plaintiff notes has a registration that is

"pending." (*See* Cplt. Exh. A.) A "pending" registration for Photograph No. 3 is not sufficient

for Plaintiff to sue for infringement of this image.

Section 411(a) of the Copyright Act provides that "no civil action for infringement of the

copyright . . . shall be instituted until preregistration or registration of the copyright claim has

been made in accordance with this title." 17 U.S.C. § 411(a). Courts in this District "are

virtually unanimous" in holding that a pending "application for copyright registration cannot

sustain a claim for infringement prior to its approval or rejection by the Copyright Office."

*Zuma Press, Inc. v. Getty Images (US), Inc.*, No. 16 CIV. 6110 (AKH), 2017 WL 2829517, at *4

(S.D.N.Y. June 29, 2017) (internal citations omitted). *See also Accurate Grading Quality Assur.,*

*Inc. v. Thorpe*, No. 12 Civ. 1343(ALC), 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013)

("[M]ere application is legally insufficient as '[c]ourts in this Circuit ... require[ ] that a plaintiff

either hold a valid copyright registration outright or have applied and been refused a registration

prior to filing a civil claim.'"); *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416(JSR),

2011 WL 4916299, at *2 (S.D.N.Y. Oct. 14, 2011) ("The mere pendency of an application is,

however, insufficient to satisfy section 411's registration requirement, which the Supreme Court

has determined to be an absolute 'precondition' to suit."); *DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403, 406 (S.D.N.Y. 2009) ("Plaintiff's mere filings of the applications, fees and deposits . . . do not satisfy the jurisdictional prerequisites of Section 411(a).").

Accordingly, Plaintiff may only pursue claims with respect to the Photographs that were the subject of a valid copyright registration prior to filing this action on March 19, 2018, and Plaintiff's claim with respect to Photograph No. 3 should be dismissed.

## IV.   PLAINTIFF'S DEMAND FOR STATUTORY DAMAGES SHOULD BE DISMISSED AS TO PHOTOGRAPH NOS. 9, 10, 11, AND 12 FOR FAILURE TO TIMELY REGISTER THOSE PHOTOGRAPHS

Pursuant to the Copyright Act, for Plaintiff to be eligible for statutory damages for the infringement of any given Photograph, Plaintiff must have registered each image with the U.S. Copyright Office either before the alleged infringement occurred or, if after, within 90 days of the first publication of the Photograph.  *See* 17 U.S.C. § 412.  For at least four of the Photographs, Plaintiff failed to comply with this rule and therefore would only be eligible for actual damages, which must be proved at trial (and often consists of a reasonable licensing fee). *See, e.g.*, *Barcroft Media, Ltd. v. Coed Media Group, LLC*, 297 F. Supp. 3d 339, 357-58 (S.D.N.Y. 2017) (after bench trial, awarding actual damages in amount of a reasonable license fee the defendant would have paid for the photograph).

Specifically, Photograph No. 9 was first published on September 4, 2009, appeared on buzzfeed.com on December 2, 2016, and was registered on February 10, 2017; Photograph No. 10 was first published on January 18, 2010, appeared on the buzzfeed.com Community page on August 19, 2013, and was registered nearly four years later on February 3, 2017; Photograph No. 11 was first published on September 23, 2010, appeared on buzzfeed.com on March 11, 2014, and was registered nearly three years later on February 10, 2017; and Photograph No. 12 was

first published on January 25, 2011, appeared on buzzfeed.com on February 25, 2014, and was registered nearly three years later on February 10, 2017.[15]

Exhibit A to the Complaint provides the above registration dates; publicly available Copyright Office records confirm the dates of first publication listed for the registrations for these Photographs, all of which were earlier than 90 days from registration.  (*See* Sholder Decl. ¶ 6 & Exh. E (screenshots from Copyright Office website evidencing listed dates of publication corresponding to Photograph Nos. 9-12); and the publication dates of the posts featuring these Photographs are available on buzzfeed.com (*see* Sholder Decl. ¶ 4 & Exh. C; ¶ 7 & Exh. F (true and correct screenshots of the posts corresponding to Photograph Nos. 9 and 12 to illustrate their respective publication dates)).  The Court can consider the dates of publication on buzzfeed.com and the dates of first publication of these four Photographs for the purpose of this motion, *see supra* note 3, and should hold that these images are only eligible for actual damages (if any).[16]

## CONCLUSION

For the foregoing reasons, the Court should hold:

- Plaintiff cannot properly bring a claim against BuzzFeed in connection with Photograph Nos. 2, 8, and 10 where no DMCA takedown notice was issued, and even so, BuzzFeed is shielded from copyright infringement liability under the DMCA § 512(c) safe harbor, warranting dismissal of the copyright infringement claim based on those three Photographs.

- Plaintiff's claim concerning Photograph Nos. 1-4, 7, 8, 10, 11, 15, and 16 are time-barred, warranting dismissal of the copyright infringement claim based on those 10 Photographs.

---

[15] BuzzFeed's arguments concerning statutory damages are without prejudice to its other arguments relevant to these Photographs, namely, that BuzzFeed is protected by the DMCA for the use of Photograph No. 10, and that the use of Photograph Nos. 10 and 11 fall outside the statute of limitations.
[16] While Exhibit A to the Complaint does not supply a "first published" date, because the Photographs are not claimed to be – nor registered as – unpublished works, they would have been published prior to the BuzzFeed publication dates referenced above, and it is otherwise implausible to believe that the Photographs' appearance on buzzfeed.com was their first publication.

- Plaintiff has not registered Photograph No. 3 and therefore cannot sue for infringement of that image, warranting dismissal of the copyright infringement claim based on that Photograph.

- Plaintiff did not timely register Photograph Nos. 9, 10, 11, and 12, warranting dismissal of any claim for statutory damages related to those four Photographs.

Dated: New York, New York
   June 15, 2018

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By:  /s/ Eleanor M. Lackman     
  Eleanor M. Lackman
  Scott J. Sholder
  41 Madison Avenue, 38th Floor
  New York, New York 10010
  Phone: (212) 974-7474
  Fax: (212) 974-8474
  elackman@cdas.com
  ssholder@cdas.com

  *Attorneys for Defendant BuzzFeed, Inc.*