```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MINDEN PICTURES, INC.,

                    Plaintiff,
                                            18 Civ. 2438 (DAB)
                                            MEMORANDUM & ORDER
          v.

BUZZFEED, INC., et al.,

                    Defendants.
------------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

On March 19, 2018, Plaintiff Minden Pictures, Inc. ("Minden Pictures") filed suit against Defendants Buzzfeed, Inc. ("Buzzfeed") and Defendants Does 1 through 10 under the Copyright Act, 17 U.S.C. § 101 et seq. On July 2, 2018, Buzzfeed filed a Motion to Dismiss.

On July 6, 2018, Minden Pictures filed an Amended Complaint. Buzzfeed filed a partial Motion to Dismiss and a Declaration in support on August 3, 2018, which Minden Pictures opposed. For the following reasons, the Court GRANTS Buzzfeed's partial Motion to Dismiss.

I.  BACKGROUND

Minden Pictures, a wildlife and nature photo licensing agency, is a corporation organized under the laws of California. Buzzfeed is a digital media and news corporation organized under the laws of Delaware.

Minden Pictures is "informed and believes" that Defendant Does 1-10 are other parties not yet identified who have infringed its copyrights, have contributed to infringement, or have engaged in other wrongful practices. Am. Compl. ¶

Plaintiff alleges that, by virtue of contractual assignments, it is the sole and exclusive agent for the licensing and use of certain nature photographs. Id. ¶ 8. These forty photographs were registered with the United States Copyright Office as shown in a chart attached to the Amended Complaint as Exhibit A. Id. ¶ 9. Defendants allegedly used the nature photographs without authorization for commercial purposes. Id. ¶ 10. Minden Pictures provides screen captures of Buzzfeed's website showing the alleged infringing acts in Exhibit B. Id. ¶ 12. Minden Pictures alleges that it discovered "each of the infringement claims asserted herein in 2017 and 2018." Id. ¶ 13. Discovery dates are included in the chart in Exhibit A.

Minden Pictures' first and only claim for relief is for copyright infringement (Count One). It alleges that Defendants

used, distributed, and exploited images of the nature photographs without Minden Pictures' authorization or consent. Id. ¶ 16. Due to this infringement, Plaintiff alleges that Defendants obtained profits and that Plaintiff is entitled to disgorgement of those profits in an amount to be established at trial. Id. ¶ 18.

Buzzfeed argues in its Motion to Dismiss that of the forty photographs, twenty-four should be dismissed from this cause of action because (1) they are time-barred, (2) they are covered by the safe harbor provision of the Digital Millennium Copyright Act ("DMCA") as material posted by third-party users of Buzzfeed, (3) they were not registered in a timely manner under the Copyright Act and are therefore ineligible for statutory damages and attorney's fees, and/or (4) they were registered as "photo collections" constituting compilations and therefore are considered as combined sets in a statutory damages calculation.

Buzzfeed provides screen captures of the dates of publication of each of the posts containing the photographs in a Declaration to support its argument that many of the alleged acts of infringement should be considered time-barred. Sholder Decl., Ex. 3. Screen captures of the posts that it argues were created by users and shielded from liability under the DMCA are also attached. Id., Ex. 2. A chart details when each photograph was posted by Buzzfeed. Id., Ex. 1. Buzzfeed also attaches a

3

PACER print-out detailing all of the federal copyright infringement lawsuits filed by Minden Pictures, screen captures of the Copyright Office website showing the dates of publication of Minden Pictures' copyright applications as to photographs no. 7-11, 16, 20, 22, 26-27, and 29, screen captures of the posts' dates of original publication, and a screen capture of the entire post corresponding to photograph no. 23. Id., Exs. 4-7.

II.  Discussion

   A. Legal Standard for Motion to Dismiss

   For a complaint to survive a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Supreme Court further stated,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

In considering a Rule 12(b)(6) motion, the Court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002); Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). However, this principle is "inapplicable to legal conclusions," Iqbal, 556 U.S. at 678, which, like the complaint's "labels and conclusions," Twombly, 550 U.S. at 555, are disregarded. Nor should a court "accept [as] true a legal conclusion couched as a factual allegation." Id. at 555. In resolving a 12(b)(6) motion, a district court may consider the facts alleged in the

5

complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). In addition, "a court may consider . . . matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks omitted).

> B. Buzzfeed's Argument that Photographs No. 1-3, 6, 8-10, 13-14, 16-17, 19-20, 22-26, 29, 34-37, and 39 are Time-Barred

Buzzfeed argues that its uses of 24 of the photographs occurred between 2011 and 2014, more than three years prior to the filing of the original Complaint. See 17 U.S.C. § 507(b) (civil actions for copyright infringement must be "commenced within three years after the claim accrued").

The Second Circuit adheres to the "discovery rule": an infringement claim does not accrue until the copyright holder "discovers, or with due diligence should have discovered, the infringement[.]" Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 124 (2d Cir. 2014).

Minden Pictures alleges that it discovered Buzzfeed's alleged infringement "in 2017 and 2018" and "had no reason prior

6

to that discovery to know of Defendants' unauthorized uses[.]" Am. Compl. ¶ 13.

The Court concludes that a reasonable copyright holder in Minden Pictures' position – that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010 – should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period. Courts may consider the relative sophistication of parties in a copyright suit. Sholder Decl., Ex. 4; see D.C. Comics, Inc. v. Mini Gift Shop, 912 F.2d 29, 35-36 (2d Cir. 1990) (considering the relative sophistication of parties); see Warner Bros., Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (court "may take into account the attitude and conduct of the parties"); cf. Little Mole Music v. Spike Investment, Inc., 720 F.Supp. 751, 755 (W.D.Mo.1989) ("experienced operators[ ] in the ... business" were not innocent infringers); see Castle Rock Entm't v. Carol Publ'g Group, Inc., 955 F.Supp. 260 (S.D.N.Y. 1997) (Sotomayor, D.J.), aff'd, 150 F.3d 132 (2d Cir. 1998) (district court finding willful infringement because, inter alia, the "defendants are sophisticated with respect to such matters"). Some of Buzzfeed's articles were posted as early as 2011[1], and Minden Pictures

---

[1] See, for example, Photograph No. 2, originally posted on April 5, 2011 and not discovered by Plaintiff until June 23, 2017, and Photograph No. 25, originally posted on October 26, 2011 and not discovered until June 29, 2018.

7

provides no explanation for its delayed filing of this lawsuit beyond its allegation that it had no reason to discover the alleged infringement prior to 2017.

As the Second Circuit explained in <u>Kronisch v. United States</u> regarding discovery rules,

> [d]iscovery of the "critical facts" of injury and causation is not an exacting requirement, but requires only knowledge of, or knowledge that could lead to, the basic facts of the injury . . . [A] claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice. A claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim but such suspicions do give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence.

150 F.3d 112, 121 (2d Cir. 1998) (internal citations omitted). A plaintiff need not know every permutation of their injury – they simply need to have a suspicion of the injury and its cause to be put on inquiry notice. <u>See</u> <u>Thompson v. Metropolitan Life Ins. Co.</u>, 149 F. Supp. 2d 38, 48 (S.D.N.Y. 2001). The test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence, they <u>should have</u> known of their injury. <u>Thompson</u>, 149 F. Supp. 2d at 52.

The Court finds that the claim as to the 24 photographs that were posted by Buzzfeed prior to March 19, 2015 are DISMISSED as time-barred. A reasonable copyright holder in Plaintiff's position, exercising due diligence, "should have

8

discovered" that its copyright was being violated during the three-year statute of limitations. See Psihoyos, 748 F.3d at 124.

   C. Buzzfeed's Argument that Liability Regarding Photographs
      No. 17 and 24 is Barred by the DMCA

The Court declines to consider whether Buzzfeed's alleged use of Photographs No. 17 and 24 would fall under the DMCA's § 512(c) safe harbor provision, because those two photographs have been dismissed as time-barred.

   D. Buzzfeed's Argument that Minden Pictures' Damages Claims
      Should be Reduced

Buzzfeed argues that Minden Pictures' claims for damages should be pared back because (1) the Amended Complaint is insufficient to state a claim as to Buzzfeed's willfulness, so any claim for enhanced damages should be dismissed; (2) statutory damages and attorney's fees should be dismissed regarding Photographs No. 7-11, 16, 20, 22, 26-27, and 29 for Minden Pictures' failure to register them in a timely manner under the Copyright Act; and (3) five sets of the photographs[2] were registered as "collective works" and Minden Pictures is

---

[2] Photographs No. 2 and 3; Photographs No. 5 and 17; Photographs No. 10 and 11; Photographs No. 23 and 30; and Photographs No. 32, 35, and 40. These total four "sets," each constituting one "work." See Def.'s Mot. to Dismiss at 23. The Court notes that of these photographs, only the set including Photographs No. 32 and 40 remains for consideration; one or both of the photographs in the other sets have been dismissed as time-barred.

9

therefore entitled to only one award of statutory damages per set. See Def.'s Mot. to Dismiss at 20-23.

Minden Pictures responds that (1) Buzzfeed's alleged infringement of <u>forty</u> of its photographs is enough for this Court to infer willfulness; (2) regarding Buzzfeed's argument that the photographs registered as collective works should be considered as sets for statutory damages calculations, the number of copyright registrations is not determinative of the number of statutory damage awards. <u>See</u> Pl.'s Opp. at 13-15.

The Court will now consider Buzzfeed's first argument regarding enhanced damages. To prove "willfulness" under § 504(c)(2) the Copyright Act for purposes of enhancing statutory damages, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. <u>See</u> <u>In re Aimster Copyright Litigation</u>, 334 F.3d 643, 650 (7th Cir. 2003); <u>Lipton v. Nature Co.</u>, 71 F.3d 464, 472 (2d Cir. 1995); <u>N.A.S. Import Corp. v. Chenson Enters., Inc.</u>, 968 F.2d 250, 252 (2d Cir. 1992); <u>see also</u> <u>Yurman Design, Inc. v. PAJ, Inc.</u>, 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement.") (citation and internal quotation marks omitted). This knowledge may be "actual or

10

constructive." See Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc., 807 F.2d 1110, 1115 (2d Cir. 1986).

The only reference to willfulness in the Amended Complaint is as follows: "Plaintiff is informed and believes and thereon alleges that Defendants committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, or reckless disregard for the same, such that said acts of copyright infringement were, and continue to be willful, intentional and malicious." Am. Compl. ¶ 19. This, standing alone, is insufficient factual support for the allegation that Buzzfeed's infringement was willful. The Court finds that Minden Pictures has not adequately alleged Defendants' willfulness related to its alleged copyright infringement.

In response to Buzzfeed's second argument regarding timely registration, Minden Pictures does not dispute that it is only able to seek statutory damages "for those claims for which there is timely registration." See Pl.'s Opp. at 13 (internal quotations omitted). The Court will consider any argument to the contrary to be waived by Plaintiff.

The Court turns to Buzzfeed's third argument. The Copyright Act allows only one award of statutory damages for any "work" infringed. 17 U.S.C. § 504(c)(1). It states that "all the parts of a compilation . . . constitute one work." Id. § 504(c)(1). A "compilation" is "a work formed by the collection and assembling

11

of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." Id. § 101. "Collected works" are defined as works "in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective work." Id.

The Second Circuit has addressed the issue of what constitutes a compilation subject to § 504(c)(1)'s one-award restriction. See Bryant v. Media Right Productions, Inc., 603 F.2d 135, 141 (2d Cir. 2010); Twin Peaks Prods., Inc. v. Publ'ns. Int'l Ltd., 996 F.2d 1366, 1381 (2d Cir. 1993); WB Music Corp. v. RTV Comm. Grp., Inc., 445 F.3d 538, 541 (2d Cir. 2006). In these decisions, the court focused on whether the plaintiff (the copyright holder) issued its works separately, or together as a unit. In Twin Peaks and WB Music Corp., the court found that both plaintiffs could receive a separate award of statutory damages for each of its works. Because there was "no evidence . . . that any of the separately copyrighted works were included in a compilation authorized by the [plaintiff]," plaintiff could receive a separate statutory damage award for each work. WB Music Corp., 445 F.3d at 541. In Bryant, it was the copyright holders who issued their works as "compilations"; they chose to issue albums. Bryant, 603 F.3d at 141. The court there found that the plain language of the Copyright Act limited

the copyright holders' statutory damage award to one for each album. Id.

Minden Pictures cites Bryant and other cases in this circuit for the proposition that the number of copyright registrations "is not determinative of the number of statutory damage awards." See ASA Music Prods. v. Thomsun Electronics, No. 96-CV-1872(BDP)(MDF), 1998 WL 988195 at 8 (S.D.N.Y. Sept. 29, 1998); Pavlica v. Behr, No. 03-CV-9628 (DC), 2006 WL 1596763 at 3 (S.D.N.Y. Jun. 12, 2006); Bryant, 603 F.3d at 141 (courts focus on "whether the plaintiff – the copyright holder – issued its works separately, or together as a unit"). Here, the threshold question is, did the proto-copyright-holder register the material as one collective work? That is, for the purposes of registration, did they consider it to be one work, or multiple works?

The Court finds that under these facts – where a copyright holder chose to "assemble[] into a collective whole" certain photographs during the registration of its copyright, i.e. registering them in sets rather than as individual photographic works – the copyright holder has created a "collective work" and "compilation" as those terms are defined in § 101. Therefore, the copyright holder is limited to recovery of one award of statutory damages per set. See § 504(c)(1) (describing statutory damages).

E. Leave to Amend

The remaining question is whether Plaintiff shall be given leave to replead. When a complaint has been dismissed, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may dismiss without leave to amend when amendment would be "futile," or would not survive a motion to dismiss. Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 491 (2d Cir. 2011).

In this case, Minden Pictures seeks leave to file a Second Amended Complaint to "bolster its allegation of willfulness with additional factual support" involving other lawsuits to which Buzzfeed was a party. See Pl.'s Opp. at 15-16.

With respect to why Minden Pictures – not unfairly characterized by Buzzfeed as "a serial litigant that has filed 36 lawsuits over its copyrighted works" – did not notice that several of its photographs were being posted by Buzzfeed as early as 2011, Minden Pictures offers no explanation. No additional factual allegations are offered that might support its claims regarding the portions of Count One that have been dismissed. Accordingly, Minden Pictures' request to re-plead is DENIED.

III. CONCLUSION

For the foregoing reasons, Buzzfeed's partial Motion to Dismiss is GRANTED. Photographs No. 1-3, 6, 8-10, 13-14, 16-17, 19-20, 22-26, 29, 34-37, and 39 are dismissed as time-barred. Sixteen photographs remain: 4, 5, 7, 11, 12, 15, 18, 21, 27, 28, 30, 31, 32, 33, 38, and 40.

Minden Pictures is barred from seeking enhanced statutory damages, as it has not sufficiently alleged willful copyright infringement by Buzzfeed.

Minden Pictures is limited to recovery of actual damages for Photographs No. 7, 11, and 27, as these photographs were published by the copyright holder earlier than 90 days after their date of registration.

Finally, Minden Pictures is limited to one statutory damage award per set for the set of photographs that it registered as collective works and that have not been dismissed from this action: Photographs No. 32 and 40.

Defendant is directed to answer the remaining elements of Plaintiff's claim within 45 days of this Memorandum & Order.

                                          SO ORDERED.

DATED:    New York, NY
          February 21, 2019           _____
                                          Deborah A. Batts
                                      United States District Judge